IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DEBRA CHANDLER                                                PLAINTIFF

v.                             CIVIL ACTION NO.: 1:11-CV-00054-GHD-DAS

WAL-MART STORES EAST, LP                          DEFENDANT

## MEMORANDUM OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Presently before this Court is a motion for summary judgment [43] filed by Defendant Wal-Mart Stores East, LP (the "Defendant"). After due consideration, the Court finds the motion [43] should be granted.

### *A. Factual and Procedural Background*

Plaintiff Debra Chandler (the "Plaintiff") brings this civil action seeking damages for personal injuries arising out of an alleged accident that occurred on the premises of Defendant's Wal-Mart store on Highway 12 in Starkville, Mississippi. She initially filed her action in Oktibbeha County Circuit Court, but Defendant timely removed the action to this Court, invoking the Court's diversity jurisdiction. Plaintiff alleges that on January 2, 2008, while shopping in the dairy department of the Wal-Mart store in Starkville, "due to a broken food display bin[,] she slipped and fell on both knees and then her backside with great force" and then experienced "swelling, immediate, and inconsolable pain as a result." Pl.'s Compl. [2] ¶ 5. Plaintiff alleges that she was diagnosed with multiple contusions and lumbar strain as a result of the injury and continues to suffer from pain and anxiety. She further alleges that her "injuries and damages were sustained as a proximate consequence of the wanton conduct of [D]efendant Wal-Mart," as well as Defendant's negligence arising from premises liability. She seeks

damages for past doctor bills, future projected medical costs, conscious pain and suffering, out-of-pocket costs, permanent bodily injuries, and punitive damages.

Defendant, while admitting it owes duties under Mississippi law to store patrons, denies liability for damages arising from the alleged incident. Defendant filed a motion for summary judgment [43] on February 24, 2012. Plaintiff filed no response to the motion for summary judgment. Defendant filed a reply in support of its motion [45] on March 15, 2012.

## B. *Summary Judgment Standard*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323, 106 S. Ct. 2548. Under Rule 56(a) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' "

*Id.* at 324, 106 S. Ct. 2548; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

Summary judgment may not be granted merely because the nonmovant failed to respond to the motion for summary judgment. *Albanil v. Coast 2 Coast, Inc.*, 444 F. App'x 788, 808 n.21 (5th Cir. 2011) (quoting *John v. La.*, 757 F.2d 698, 709 (5th Cir. 1985)).[1] However, "to survive a motion for summary judgment, the non-moving party must present sufficient evidence to support the elements of its prima facie case." *Stewart v. City of Bryan Pub. Works*, 121 F. App'x 40 (5th Cir. 2005); *see Celotex Corp.*, 477 U.S. at 321–23, 106 S. Ct. 2548. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to preclude summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1985).

## C. Discussion

Mississippi law places the duty on an owner or operator of a business to exercise reasonable care to keep the premises in a reasonably safe condition or to warn the invitee of dangerous conditions, not readily apparent to the invitee, which the owner or occupant knows of or should know of in the exercise of reasonable care. *Waller v. Dixieland Food Stores, Inc.*, 492 So. 2d 283, 285 (Miss. 1986); *Wilson v. Allday*, 487 So. 2d 793 (Miss. 1986); *Downs v. Corder*, 377 So. 2d 603 (Miss. 1979); *J.C. Penney Co. v. Sumrall*, 318 So. 2d 829 (Miss. 1975). However, the owner or operator is not an insurer against all injuries. *Drennan v. The Kroger Co.*, 672 So. 2d 1168, 1170 (Miss. 1996); *Kroger, Inc. v. Ware*, 512 So. 2d 1281 (Miss. 1987);

---

[1] Plaintiff's counsel should note, however, that Plaintiff's failure to respond to the motion for summary judgment was in violation of Rule 7 of the Uniform Local Rules of the Northern and Southern Districts of Mississippi, which provides in pertinent part: "A response to a motion . . . must be filed of record. Within the time allowed for response, the opposing party must either respond to the motion or notify the court of its intent not to respond." UNIF. LOC. R. 7(b)(3)(A).

*First Nat'l Bank of Vicksburg v. Cutrer*, 214 So. 2d 465 (Miss. 1968); *Daniels v. Morgan & Lindsey, Inc.*, 198 So. 2d 579 (Miss. 1967). Nor is the owner or operator required to keep the premises absolutely safe such that no accident could possibly happen to a customer. *Ball v. Dominion Ins. Corp.*, 794 So. 2d 271, 273 (Miss. Ct. App. 2001). In order for a plaintiff to prevail on her claims against a defendant, the plaintiff must support the claims by showing either that 1) the defendant's own negligence caused the injury; 2) the defendant had actual knowledge of the dangerous condition and failed to warn the plaintiff; or 3) the dangerous condition existed for a sufficient amount of time that the defendant had constructive knowledge or should have known of the condition. *Grammar v. Dollar*, 911 So. 2d 619, 624 (Miss. Ct. App. 2005). When a dangerous condition on the premises is caused by the owner or operator's own negligence, no knowledge of its existence need be shown. *Waller*, 492 So. 2d at 285; *Douglas v. Great Atl. & Pacific Tea Co.*, 405 So. 2d 107 (Miss. 1981); *Miller's of Jackson, Meadowbrook Rd., Inc. v. Newell*, 341 So. 2d 101 (Miss. 1977); *Miss. Winn-Dixie Supermarkets, Inc. v. Hughes*, 156 So. 2d 734 (Miss. 1963).

The threshold question in order to proceed to trial for all three types of premises liability claims is whether there was an unreasonably dangerous condition. In other words, to avoid summary judgment, the plaintiff must demonstrate sufficient evidence creating a genuine issue of material fact that the defendant failed "to keep the premises reasonably safe." *Vu v. Clayton*, 765 So. 2d 1253, 1255 (Miss. 2000). In support of her claim, Plaintiff has merely alleged in her complaint [2] that as she was engaged in reaching for cheese from a bin, her foot got caught behind a kick plate protruding from the bottom of the bin, causing her to fall, and that she suffered severe and permanent injuries as a result. Defendant maintains that as a matter of policy, the dairy department where the alleged incident occurred is stocked every thirty minutes,

4

and employees are instructed to be on the lookout for hazardous conditions. Defendant further maintains that no hazardous conditions in that area were reported to either the store manager or assistant manager on the day of the alleged incident. Sharley Gathings, the assistant manager of the store, additionally states that "[t]he kick plate is recessed under the bunker and not easily accessible to the foot." Gathings Aff. [43-3] ¶ 6. The facts alleged by Plaintiff are insufficient to create a genuine dispute of material fact that Defendant's negligence caused the protruding kick plate or that Defendant had actual or constructive knowledge of the protruding kick plate prior to Plaintiff's injury.

*D. Conclusion*

In sum, the Court is of the opinion that Plaintiff has not presented any genuine issue of material fact or any evidence of negligence on the part of Wal-Mart or its employees. "There must be some evidence of negligence given a jury before it can determine that a defendant is guilty of negligence." *Kroger*, 512 So. 2d at 1282 (Miss. 1987); *Penney Co.*, 318 So. 2d at 832. "The basis of liability is negligence and not injury." *Byrne v. Wal-Mart Stores, Inc.*, 877 So. 2d 462, 465 (Miss. Ct. App. 2003) (quoting *Sears, Roebuck & Co. v. Tisdale*, 185 So. 2d 916, 917 (Miss. 1966)). Proof merely of the occurrence within business premises is insufficient to show negligence on the part of the Wal-Mart. *See Byrne*, 877 So. 2d 462; *see also Sears, Roebuck & Co.*, 185 So. 2d 916. The Court finds there are no genuine issues of material fact as to Plaintiff's claims and Defendant is entitled to judgment as a matter of law on all claims. Thus, Defendant's motion for summary judgment [43] is GRANTED.

A separate order in accordance with this opinion shall issue this day.

This, the 26th day of March, 2012.

_____
SENIOR JUDGE